ARTHUR GORMAN GALLAGHER, complainant,

*v.*

COMMERCIAL CREDIT CORPORATION and GROVE MOTORS, INCORPORATED, defendants.

[Decided April 11th, 1933.]

*Messrs. McCarthy & McTague,* for the complainant.

*Mr. Clarence A. Ward,* for the defendants.

BACKES, V. C.

Gallagher bought a car from Grove Motors, Incorporated, on condition to pay for it in twelve monthly installments of $180 each. Grove Motors, Incorporated, sold the contract and the accompanying note to Commercial Credit Corporation, a finance company. Gallagher defaulted in the eleventh and twelfth payments. To raise money for that and other needs, Gallagher gave Grove Motors, Incorporated, a bill of sale for his car and immediately bought it back on a conditional sale to pay $900 in installments for which he gave his note. Grove Motors, Incorporated, sold the note and conditional bill of sale to Commercial Credit Corporation, receiving its check for $778, the difference being the discount, expenses, &c. For the arrears on the first bill of sale, $360, the Grove Motors, Incorporated, gave its check. The bank in which Grove Motors, Incorporated, deposited the $778

check and upon which it drew its $360 check failed; Grove Motors, Incorporated, couldn't pay. Gallagher got nothing out of the $778 except a repair bill for $102.40 he owed Grove Motors, Incorporated, for which he got credit. After the $360 check was dishonored, Commercial Credit Corporation seized the car for default in the last two installments of the first conditional sale. Gallagher paid the $360 and got his car. Later the car was again taken for default in the second contract. He then filed this bill to compel the Commercial Credit Corporation to return the $900 note and the second conditional bill of sale and to surrender the car, charging failure of consideration. The master to whom the matter was referred found in favor of Gallagher, holding that Grove Motors, Incorporated, was the agent of Commercial Credit Corporation in receiving the $778 check and as it failed to pay Gallagher there was a total failure of consideration and that Gallagher was entitled to the note, the bill of sale and the car. The master erred. The scheme of raising money to pay off the old debt and have some in pocket, by negotiating a new loan from Commercial Credit Corporation was suggested by Grove Motors, Incorporated, to the willing Gallagher, and Grove Motors, Incorporated, was not financially disinterested, for it saw in the loan a chance to collect its own $102.40 repair bill. Grove Motors, Incorporated, prepared and Gallagher signed the two bills of sale and the note and delivered them to Grove Motors, Incorporated, to be negotiated with Commercial Credit Corporation. Grove Motors, Incorporated, and Commercial Credit Corporation have nothing in common. They dealt at arms' length as borrower and lender; Grove Motors, Incorporated, being surety for the loan. The master hung his decision of agency on this single incident: To bind Grove Motors, Incorporated, as surety, it signed a common form of "Packard Repurchase Agreement" to repurchase all cars repossessed by the Commercial Credit Corporation upon default of installment payments on notes discounted for it by the credit corporation at the price of unpaid installments. The provision that influenced the master reads: "It is agreed that you will set

up for us (Grove Motors, Incorporated) a reserve of ten dollars ($10) for each car financed. As of January 31st and July 31st you will pay us from said reserve such amount thereof as in excess of two per cent. (2%) of the balance outstanding on notes purchased from us hereunder." The reserve was set up. Its effect is to rebate and credit to dealers-borrowers $10 of the discount charged when notes are purchased. It is not compensation—pay—as the master supposed, and affords no inference of agency. The lender and borrower were principals as were Grove Motors, Incorporated, and Gallagher. Gallagher trusted Grove Motors, Incorporated. He gave to it the credentials upon which to borrow from Commercial Credit Corporation. It borrowed on Gallagher's securities and Gallagher must look to it for the proceeds. He is creditor to Grove Motors, Incorporated, and debtor to Commercial Credit Company.

The exception is sustained and the bill will be dismissed.